UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:23-cr-01-JAW |
| | ) | |
| CHRISTOPHER HAGAN | ) | |

**ORDER ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The Court dismisses without prejudice the defendant's motion for a bill of particulars because the indictment complies with Rule 7(c) requirements. Based on the current record, the Court concludes that the indictment sufficiently outlines the elements of the crime, informs the defendant as to the nature of the charges against him, and enables him to plead double jeopardy in bar of any future prosecutions for the same offense.

**I.   BACKGROUND**

On January 5, 2023, a federal grand jury indicted Christopher Hagan for conspiracy to transmit stolen property in interstate commerce in violation of 18 U.S.C. §§ 371 and 2314 and for money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. *Indictment* at 2-4 (ECF No. 1). With respect to Count One—the count relevant to the present motion for bill of particulars—the indictment states that:

> Between October 2017 and September 2021, [co-conspirator] J.C. received used and/or broken ATPIALs designated for military and law enforcement use from Defendant . . . [co-conspirator] J.C. stole or converted new and used parts and components from Company A to repair ATPIALs received from Defendant. After repairing ATPIALs,

> [co-defendant] J.C. transferred the ATPIALs to Defendant in either the District of New Hampshire or the District of Maine . . . [co-conspirator] J.C. also stole and converted intensifier tubes from Company A, at least some of which were transferred to Defendant . . . [o]n numerous occasions, Defendant sold ATPIAL devices and other equipment to customers in interstate commerce . . . Defendant subsequently distributed portions of these proceeds to [co-conspirator] J.C. and others . . . [and Defendant] knowingly and intentionally conspired and agreed with [co-conspirator] J.C. and others known and unknown to transport, transmit, and transfer in interstate commerce goods with a value of $5,000 or more, knowing the same to have been stolen, converted, or taken by fraud.

*Id.* at 1-2.

On May 13, 2023, Mr. Hagan filed his motion for bill of particulars. *Mot. for Bill of Particulars* (ECF No. 15) (*Def.'s Mot.*). On June 15, 2023, the Government filed its response. *Gov't's Response in Opp'n to Def.'s Mot. for a Bill of Particulars* (ECF No. 23) (*Gov't's Opp'n*). Mr. Hagan did not file a reply.

## II.   THE PARTIES' POSITIONS

### A.   Christopher Hagan's Motion for Bill of Particulars

Mr. Hagan moves for a bill of particulars because "neither the Indictment nor the discovery provides [him] with an adequate notice of what items the government alleges that he either stole or received, knowing that the items were stolen, and what the values of the items were." *Def.'s Mot.* at 3. Mr. Hagan submits that "neither the Indictment nor the discovery provides notice of how the government will attempt to prove the value of any stolen items at trial" and "[w]ithout this information, [he] is unable to prepare to rebut, possibly with expert testimony, the government's evidence on these issues." *Id.* According to Mr. Hagan, he "requires a [b]ill of [p]articulars so that he may be prepared to defend the allegation that items

2

that were stolen and transported inter-state have an aggregate value of more than $5,000.00." *Id.* He further submits that "without knowing specifically what items the government claims were stolen, the defense is unable to assess what a willing buyer would pay a willing seller for the items." *Id.*

Regarding discovery, Mr. Hagan asserts that "[d]iscovery has been disclosed, consisting of several thousand pages of material with an accompanying index," and "[a]mongst the material are three documents that are described in the index as investigative reports." *Id.* at 2. According to Mr. Hagan, the first report "contains only a statement of the nature of the investigation being conducted by SA Brandon Quinlan" while "[t]he next two reports are (1) an interview report of Mr. Hagan, and (2) a report concerning the results of a subpoena" which "offer no information about what was stolen or the value of the stolen items." *Id.* He further asserts that the rest of the discovery documents include no "witness statements . . . descriptions of items that were allegedly stolen or values of the allegedly stolen items . . . material that indicates that the owner of the allegedly stolen property believes it to be stolen . . . expert reports concerning the value of the items . . . [or] witness statements or descriptions of witness statements that shed any light whatsoever on why the government believes that Mr. Hagan knew that he was in receipt of stolen property." *Id.*

Finally, Mr. Hagan contends that he "requires a Bill of Particulars in order to avoid prejudicial surprise at trial" and "the possibility of [d]ouble [j]eopardy," as he submits that "[i]t is conceivable that [he] could be acquitted of transporting certain

items only to have the government recharge him with having stolen other items." *Id.* at 4.

### B. The Government's Opposition

The Government submits that Mr. Hagan is not entitled to answers simply because he "raises questions about the indictment." *Gov't's Opp'n* at 1. According to the Government, "[t]he charging document and the discovery provided to date contain enough detail to comport with the law" and therefore "[t]he Motion for a Bill of Particulars should be denied." *Id.* The Government further submits that the "detailed charges in the Indictment, and the discovery provided to date, set forth the charges with ample specificity and provide Defendant with adequate information to prepare a defense." *Id.* at 2.

### III. LEGAL STANDARD

Rule 7(c) governs the nature and contents of an indictment. FED. R. CRIM. P. 7(c). It requires that the indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *Id.* In general, an indictment is sufficiently particular if it "specifies the elements of the offense charged, fairly apprises the defendant of the charge against which he must defend, and allows him to contest it without fear of double jeopardy." *United States v. Savarese*, 686 F.3d 1, 6 (1st Cir. 2012) (citing *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993)); *see Hamling v. United States*, 418 U.S. 87, 117 (1974).

Eclipsed by Rule 16 discovery requirements, motions for bills of particulars "are seldom employed in modern federal practice." *Sepulveda*, 15 F.3d at 1192.

4

Whether to grant a motion for a bill of particulars "is left to the sound discretion of the district judge, whose decision will be reversed only for abuse of discretion." *United States v. Hallock*, 941 F.2d 36, 40 (1st Cir. 1991) (citation omitted); *United States v. Me. Lobstermen's Ass'n*, 160 F. Supp. 115, 121 (D. Me. 1957)

As the Supreme Court has observed, "an indictment parroting the language of a federal criminal statute is often sufficient." *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007); accord *United States v. Stepanets*, 879 F.3d 367, 373 n.4 (1st Cir. 2018). In *Hamling*, the Supreme Court wrote that it is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)); *see Savarese*, 686 F.3d at 6 ("An indictment that tracks the language of the underlying statute is usually sufficient to meet this standard provided that the excerpted statutory language sets out all elements of the offense without material uncertainty") (punctuation and citation omitted). Thus, although the language of the statute may be used in a general description of the offense, "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117-18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)). On appeal, a defendant must show he lacked a "fair opportunity to prepare a defense" without a bill of particulars. *United States v.*

*Nelson-Rodriguez*, 319 F.3d 12, 31 (1st Cir. 2003). The First Circuit requires a showing of "actual prejudice" from the indictment's lack of specificity; namely, "specific evidence or witnesses that the lack of particularization prevented him from obtaining." *United States v. Arboleda*, 929 F.2d 858, 869 (1st Cir. 1991). An indictment that "provides a temporal framework" for the charge is sufficient, and "modified open-file" discovery from the government may obviate the need for greater specificity. *Sepulveda*, 15 F.3d at 1192-93.

## IV.   DISCUSSION

Here, the indictment identifies (a) a co-conspirator, J.C., whose full name is known to the defendant;[1] (b) the start date of the conspiracy; (c) the end date of the conspiracy; (d) the identities of at least some of the stolen goods (ATPIAL devices and intensifier tubes); (e) a description as to the manner and means of how the offense was committed; (f) payment dates and amounts for stolen property; and (g) the relevant statutory provisions for count one—18 U.S.C. §§ 371 and 2314— and for counts two through eight—18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. *See Gov't's Opp'n* at 2.

> The government's burden at trial is to prove the following:
>
> First, that property was stolen; Second that Mr. Hagan took the property from state to state, or willfully caused it to be taken from state to state; Third, that when Mr. Hagan took the property from state to state, or willfully caused it to be taken from state to state, he knew that it was stolen; and Fourth, that the property had a value of $5,000 or more.[2]

---

[1]  The Government claims that Mr. Hagan knows the full name of J.C. *Gov't's Opp'n* at 2. The Court assumes this must be correct because Mr. Hagan does not request in his motion that the bill of particulars reveal J.C.'s full name. *See Pl.'s Mot.* at 1-4.

[2]  18 U.S.C. § 2314 provides in relevant part:

First Circuit Pattern Instructions 4.18.2314

Mr. Hagan's main contention is that the indictment does not include "[a]n itemized list of the items that were allegedly stolen, including the values of each item and the dates upon which the government claims that each item was stolen." *Def.'s Mot.* at 4. But here, the Government has made no secret of what it is charging. In fact, the Government has provided a list of twenty-three "overt acts" that it alleges violate 18 U.S.C. § 2314, along with the date of each act and the value of the allegedly stolen item associated with each act. *Indictment* at 3. The indictment additionally refers to certain stolen items it alleges Mr. Hagan sold in interstate commerce, including "intensifier tubes . . . ATPIAL devices and other equipment." *Id.* at 2.

Although Mr. Hagan demands a description of each allegedly stolen item in association with each overt act, such specificity is not an element of the offense, and the Court moreover concludes that the spreadsheet list provided by the Government is sufficient to inform Mr. Hagan of what he is charged with under Count One. *See United States v. Cameron*, 662 F. Supp. 2d 177, 180 (D. Me. 2009) ("Although the

---

Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person or persons to travel in, or to be transported in interstate or foreign commerce in the execution or concealment of a scheme or artifice to defraud that person or those persons of money or property having a value of $5,000 or more

. . .

Shall be fined under this title or imprisoned not more than ten years, or both.

7

Government has not identified a specific image with each count, such specificity is not an element of the offense and neither the statute under which [the defendant] has been charged nor the Rule requires its inclusion").

Simply because Mr. Hagan raises questions about the indictment "does not mean that [he] is entitled to answers." *United States v. Muller*, No. 1:19-cr-00109-NT-1, 2021 U.S. Dist. LEXIS 136792, at *5 (D. Me. July 22, 2021).  A defendant "is not entitled by way of a bill of particulars to obtain details revealing the precise manner in which the government alleges that he committed the crimes charged or the manner in which it will attempt to prove the charges." *United States v. Faucette*, No. 2:13-CR-79-DBH, 2013 U.S. Dist. LEXIS 95148, at *1 (D. Me. July 9, 2013); *see United States v. Aponte-Garcia*, No. 15-660 (FAB), 2016 U.S. Dist. LEXIS 176106, at *27 (D.P.R. Dec. 20, 2016) ("A bill of particulars would only serve as an investigative vehicle for the defense further to discover the evidentiary theory underlying the Government's case [and b]ecause a bill of particulars may not be employed for that purpose, [the defendant]'s motion requesting that relief from the Court is properly DENIED").

In sum, because the Court concludes that the indictment "elucidates the elements of the crime, enlightens [the] defendant as to the nature of the charge against which [he] must defend, and enables [him] to plead double jeopardy in bar of future prosecutions for the same offense," *Sepulveda*, 15 F.3d at 1192, the Court concludes that it must deny the motion for bill of particulars. *See Faucette*, 2013 U.S. Dist. LEXIS 95148, at *3 (A defendant "is not entitled by way of a bill of

particulars to obtain details revealing the precise manner in which the government alleges that he committed the crimes charged or the manner in which it will attempt to prove the charges").

For double jeopardy purposes, the Fifth Amendment provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST., am. V. The seminal double jeopardy case from the United States Supreme Court is *Blockburger v. United States*, 284 U.S. 299 (1939). In *Blockburger*, the Supreme Court described the proper analysis: "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304. In general, "[t]he *Blockburger* test focuses on the proof needed to establish the statutory elements of each offense, rather than the actual evidence presented at trial." *United States v. Morris*, 914 F. Supp. 637, 640 (D. Me. 1996) (quoting *Illinois v. Vitale*, 447 U.S. 410, 416 (1980)). As the *Blockburger* test implies, if an issue were to arise in the future as to whether Mr. Hagan had been newly charged with the same offense for which he now stands indicted, he would not be restricted to the contents of this federal indictment to prove his double jeopardy claim. *See United States v. Padilla*, No. 1:18-cr-00098-JAW, *Order on Def.'s Renewed Mot. to Dismiss* at 1-38 (ECF No. 235) (granting a motion to dismiss an indictment based on double jeopardy issues after reviewing the charging documents and evidence of the proceedings). Thus, although the current charging document would be important for any future double jeopardy claim, Mr. Hagan would likely be allowed to present

9

evidence other than the charging documents in support of a future double jeopardy claim.

This order does not address the Government's discovery obligations, which are not yet at issue. Federal Rule of Criminal Procedure 5(f) reflects the obligation of the Government to comply with its disclosure obligations, FED. R. CRIM. P. 5(f), and its discovery duties under binding caselaw are well-known. *See*, *e.g*, FED. R. CRIM. P. 16(a)(1); *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); 18 U.S.C. § 3500 (the Jencks Act).

If Mr. Hagan contends in the future that the Government has failed to comply with its legal obligations, he retains the right to pursue this issue in the fashion he deems appropriate, including bringing the alleged discovery failures to the attention of the Court. It would seem that such an issue might be better handled by a motion other than a motion for bill of particulars. The Court, however, dismisses the present motion without prejudice and is not foreclosing Mr. Hagan, if need be, from reinstituting this motion as the case develops.

## V.   CONCLUSION

The Court DISMISSES without prejudice Defendant's Motion for Bill of Particulars (ECF No. 15).

SO ORDERED.

>    /s/ John A. Woodcock, Jr.
>    JOHN A. WOODCOCK, JR.
>    UNITED STATES DISTRICT JUDGE

Dated this 21st day of July, 2023

11